Tommy L. KEENAN, b/n/f William H. Keenan

v.

UNITED STATES.

William H. KEENAN

v.

UNITED STATES.

Civ. A. Nos. 3836, 3872.

United States District Court
E. D. Tennessee, S. D.
April 4, 1963.

Paul W. Sorrick, Jr., Glenn W. Nash, Chattanooga, Tenn., for plaintiff.

B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., for defendant.

WILSON, District Judge.

These are actions arising out of personal injury to a child and are brought under the Federal Tort Claims Act. Jurisdiction under this Act is undisputed. Upon July 26, 1960 at approximately 9:00 a. m. an accident occurred upon Phoenix Avenue at the intersection of Shannon Street in Chattanooga, Tennessee, when a bicycle and a United States postal truck collided. The plaintiff, Tommy L. Keenan, who was then a 4 year old child, was riding upon the bicycle which was being operated at the time by a playmate, Steven Gilbert, who was himself 5 or 6 years of age at the time. The postal truck was being driven by Arthur T. Buchanan, a mail carrier, who was admittedly acting within the course of his employment.

At the point of intersection between Phoenix Avenue and Shannon Street, Shannon Street deadends into Phoenix Avenue. The postal truck was being driven in a northerly direction upon Phoenix Avenue. The bicycle with the two boys

was traveling east, going downgrade, on Shannon Street, when it entered Phoenix Avenue. The front wheel of the bicycle collided with the left side of the truck at a point just to the rear of the left front wheel. Both children received injuries, but fortunately neither appears to have been seriously or permanently injured.

It appears that at the time of the collision the truck was within the intersection and upon its proper side of Phoenix Avenue. The truck left 13 feet of skid marks. It further appears that the bicycle was without any brakes and had been discarded by the parents of Steven Gilbert as unsafe for the children to use. The child had gotten the bicycle out from under the house without the parents' knowledge and both children were riding it without their respective parents' knowledge at the time of the accident.

The driver of the truck testified that he had just begun mail delivery upon his route, having stopped at a mail box on Phoenix Avenue a short distance from the intersection with Shannon Street. As he approached the intersection of Shannon Street he testified he was not going more than 20 miles per hour. A bank partially obscured vision at the intersection and the driver first observed the top of a child's head as it approached downhill on Shannon at a distance of about 20 feet from the truck. He thereupon applied his brakes and stopped within a distance of 20 feet, as he estimated. This would appear to be about correct, as it is undisputed that the truck left 13 feet of skid marks. Other than the children and the driver there were no eye witnesses. The above matters appear undisputed in the record.

■■ No negligence may be charged to the plaintiff under the facts of this case. The plaintiff, Tommy L. Kennan, was too young to be chargeable with negligence and there was no evidence of any negligence chargeable to his father.

■ The Court is unable to see, however, where there is any evidence in the record of negligence upon the part of the driver of the postal truck. There is no evidence of excessive speed under the circumstances or of failure to keep a proper lookout, or of failure to drive the truck upon a proper portion of the highway or in any manner to operate the truck other than in a safe and proper manner. Even though the driver was aware generally that there were or might be children playing in the area, it appears to the Court and the Court so finds that he did all that a reasonably prudent driver could and should do under the circumstances. It does not appear that he could have done anything other than what he did do to avoid the accident unless he had not been at the scene or had not driven upon the road. He had a right to drive upon the road even though he may have known that children played in the area. He is not an insurer, nor is absolute liability imposed because a child is involved. The Court is unable to find where the defendant was negligent in any respect with regard to this accident. A judgment of dismissal will enter accordingly.